J-S34022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ALLAN FROST | : | |
| | : | |
| Appellant | : | No. 1656 WDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0001288-1999

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

DISSENTING STATEMENT BY DUBOW, J.:        **FILED NOVEMBER 26, 2019**

I respectfully dissent from the Majority's determination that, even though the trial court and clerk of court erred, Appellant was not prejudiced and we can review Appellant's appeal.

Rule 904 provides that the appointment of counsel is effective throughout the PCRA proceeding, including on appeal. Pa.R.Crim.P. 904(F)(2). Further, hybrid representation is not allowed and, thus, when an attorney represents a petitioner, the court clerk who receives any *pro se* filings must forward them to the petitioner's attorney within 10 days of receipt. Pa.R.Crim.P. 576 (A)(4).  The rules do not provide exceptions to these requirements.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Here, counsel represented Appellant. The trial court, however, served its Pa.R.A.P. 1925(b) Order on Appellant and not his counsel.[1] Since the court failed to follow the rules pertaining to Appellant's representation by counsel, I would find the trial court's Rule 1925(b) Order to be a nullity, and would remand the appeal to the trial court to serve the Rule 1925(b) Order properly to enable Appellant's counsel to assist Appellant.

---

[1] This error led to significant other errors.